# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN B. CRUZ CONSTRUCTION CO., INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No._____ |
| ) | |
| v. ) | |
| ) | |
| BEACON COMMUNITIES CORP., ) | Suffolk Superior Court |
| BEACON COMMUNITIES SERVICES LLC, ) | Civil Action No. 23-1956 |
| BEACON LENOX LLC, and BEACON ) | (BLS2) |
| LENOX 2 LLC, ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL FROM STATE COURT

Pursuant to 28 U.S.C. §§ 1331 and 1446, Defendants Beacon Communities Corp., Beacon Communities Services LLC, Beacon Lenox LLC, and Beacon Lenox 2 LLC (collectively, "Defendants"), hereby remove Civil Action No. 23-1956 (BLS2) from the Superior Court Department for Suffolk County, Massachusetts, to the United States District Court for the District of Massachusetts. As grounds therefore, Defendants state as follows:[1]

**I.    BACKGROUND**

1.    On or about August 30, 2023, Plaintiff John B. Cruz Construction Co., Inc. ("Plaintiff") commenced a lawsuit entitled *John B. Cruz Construction Co., Inc. v. Beacon Communities Corp. et al.*, Civil Action No. 23-1956 (BLS2) (the "Complaint"), in Suffolk Superior Court. A true and accurate copy of the Complaint is attached as **Exhibit 1**.

---

[1] In removing this Action, Defendants do not concede that any of the allegations in the Complaint are properly raised or have any merit whatsoever. Defendants further reserve the right to amend or supplement this Notice of Removal.

2. On or about September 5, 2023, Defendants accepted service of the complaint, as reflected in the returns of service filed with the Suffolk Superior Court.

3. Pursuant to 28 U.S.C § 1446, a true and correct copy of the state court docket and all state court docket materials are attached as **Exhibit 2**. This exhibit includes all process, pleadings, and orders filed in this case.

4. The Complaint concerns the rehabilitation and improvement of existing 367 affordable housing units on Lenox Street and Camden Street in Roxbury. The Complaint alleges that Defendants asked Plaintiff, a minority business enterprise, to participate as the general contractor member of Defendant's team for both the Lenox and Camden projects. Ex. 1 ¶7. Plaintiff alleges that while it was performing work on the Camden project, it also did pre-construction work on the Lenox project. *Id.* ¶ 8. Plaintiff contends that after it had completed its work on the Camden project, Defendants informed it that it would no longer be the general contractor for the Lenox project. *Id.* at ¶ 11. Plaintiff further alleges that Defendants awarded the bid to a white-owned company and removed Plaintiff from the project because they resented having had to involve Plaintiff, a minority-owned company, in response to pressure from the city of Boston. *Id.* at ¶ 12.

5. Plaintiff contends that Defendants improperly foreclosed Plaintiff from acting as the general contractor on the Lenox project. The Complaint identifies six alleged causes of action, including violation of 42 U.S.C. § 1981. *See generally* Ex. 1.

II. **GROUNDS FOR REMOVAL**

6. Defendants deny that Plaintiff has adequately stated a claim for any of its causes of action. Nonetheless, taking the allegations as set forth in the Complaint, count six of the Complaint— alleged violation of 42 U.S.C. § 1981—meets the requirement for federal court jurisdiction under 28 U.S.C. § 1331.

7. 28 U.S.C. § 1331 establishes when an action commenced in state court is removable, providing "[t]he district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treatises of the United States."

8. This Court's subject matter jurisdiction is grounded upon federal question jurisdiction because Plaintiff alleges Defendants violated a federal statute—42 U.S.C. § 1981. *See* 28 U.S.C. § 1331.

**B. Removal is timely and all procedures for removal have been followed.**

9. This notice of removal is timely filed within 30 days after Defendants received the summons and the Complaint setting forth the claim for relief upon which the action is based. *See* 28 U.S.C. § 1446(b).

10. Venue is proper because this is the district court of the United States for the district and division within which the action is pending.

11. All adverse parties to this action have been provided with written notice of the filing of this removal pursuant to 28 U.S.C. § 1446(d), as evidenced by the attached Certificate of Service.

12. Also pursuant to 28 U.S.C. § 1446(b), Defendants will cause to be filed with the Superior Court Department for Suffolk County a copy of this Notice of Removal promptly after filing in this Court along with a Notice of Filing of Notice of Removal in the form attached as **Exhibit 3**.

        Respectfully submitted,
BEACON COMMUNITIES CORP.,
BEACON COMMUNITIES SERVICES LLC, BEACON LENOX LLC, and BEACON LENOX 2 LLC

By its attorneys,

*/s/ Michael S. Gardener*
Michael S. Gardener, #185040
Tony M. Starr, BBO #477353
Clare Prober, BBO #705778
Janki H. Viroja, BBO #709792
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Tel: (617) 542-6000
Fax: (617) 542-2241
MSGardener@mintz.com
TStarr@mintz.com
CProber@mintz.com
JHViroja@mintz.com

Dated: October 3, 2023

## **CERTIFICATE OF SERVICE**

      I certify that the above Notice of Removal and all associated papers were filed electronically using the CM/ECF system on October 3 and that on the same date copies were served on counsel for the plaintiffs by first-class mail and email as listed below:

Harry T. Daniels, Esq.
Carolyn M. Crowley, Esq.
Barclay Damon LLP
160 Federal Street, Suite 1001
Boston, MA 02110
hdaniels@barclaydamon.com
ccrowley@barclaydamon.com

                                                  */s/ Michael S. Gardener*
                                                  Michael S. Gardener